THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
          HENRY C. FREEMAN, Appellant.

            First Department, February 13, 1914.

Crime — arson — accessory before the fact — proof justifying conviction
    — sufficiency of indictment — failure to state precise location of house
    — evidence — proof of similar crimes — corroboration of accomplices.

Appeal from a judgment convicting the defendant of arson, second degree.
    The defendant, a public adjuster of fire losses, was charged as an acces-
    sory before the fact in that he had conspired with an insurance agent to
    induce the owner of a building to take out a policy and with another
    person to set fire to the premises. On all the evidence, *held,* that the
    guilt of the defendant was established.
An indictment charging such crime is not insufficient because it does not
    state the precise location of the house which was set on fire, or the par-
    ticular human being who was in the house at that time. The defend-
    ant's remedy for any indefiniteness in these respects was by motion for
    a bill of particulars.
Such judgment of conviction will not be reversed because evidence of
    other incendiary fires was given, where the defense opened the door to
    the admission of the evidence by cross-examining the actual incendiary
    as to numerous fires started by him.
*It seems,* moreover, that in order to show the defendant's guilty knowledge
    it would have been competent to prove that he with others had been
    engaged in the perpetration of a series of like crimes.
Evidence examined, and *held,* that the testimony of the defendant's
    accomplices was sufficiently corroborated.

APPEAL by the defendant, Henry C. Freeman, from a judg-
ment of the Court of General Sessions of the Peace in and for
the county of New York, rendered against him on the 28th
day of March, 1913, convicting him of the crime of arson in the
second degree.

    *Robert H. Elder,* for the appellant.

    *Robert C. Taylor,* for the respondent.

SCOTT, J.:

    This is an appeal from a judgment of the Court of General
Sessions in the city of New York convicting the defendant of
the crime of arson in the second degree.

    Defendant was a public adjuster of fire losses, by which is
meant that he solicited employment by and acted as the repre-

sentative of persons who had suffered losses by fire in the settlement of their claims against insurance companies. He retained the services of certain newspaper reporters at police and fire headquarters in order that he might have early notice of each fire as it broke out, and employed a number of runners whose duty it was to go promptly to each fire and solicit the adjustment of the loss. In this branch of the business he used several automobiles.

The particular crime for which defendant was indicted, and of which he was convicted, was the participation, as an accessory before the fact, in the setting fire to a dwelling house, the actual incendiary being one Isadore Stein, a self-confessed "fire bug," and the property intended to be consumed as a basis for a claim belonging to one Abraham Sliten.

The theory of the prosecution, which the evidence fully supported, was that defendant, Stein and an insurance broker named Goldman had engaged in an unlawful partnership or conspiracy to profit from incendiary fires, Goldman's part being to procure the insurance, Stein's to actually set fire to the property, and defendant's to adjust and collect the loss. In the particular case at bar the evidence was that Sliten, a poor man living in a tenement house and who was hard pressed for money, was induced to enter into the conspiracy to have an incendiary fire set in a closet in his apartment, a policy of insurance having been procured by Goldman. Stein confessed to having started the fire, and it is admitted that defendant adjusted the loss. The defendant was tried before a jury which seems to have been extremely intelligent and alert, and which evidently followed the evidence with great care, as is indicated by the numerous and pertinent questions put to witnesses by members of the jury. The judge who presided was eminently fair, and more than careful that nothing improperly prejudicial to defendant should be allowed in the evidence. After carefully examining the whole case we are convinced that the defendant's guilt was fully established, and the only question which we are called upon to consider is whether or not any legal error was committed which necessitates a new trial, keeping in mind the mandate contained in section 542 of the

Code of Criminal Procedure, that " After hearing the appeal the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

Objection was made to the sufficiency of the indictment because it did not state with precision the location of the house in which the fire was set, and did not specify the particular human being who was within the house at the time. It did state that the house was situated in the county of New York, and that there was within the house some human being. This was all that was requisite. (*People* v. *Buddensieck,* 103 N. Y. 487; *People* v. *Stedeker,* 175 id. 57; *People* v. *Weiss,* 158 App. Div. 238.) If defendant required any more definite location of the fire to enable him to prepare his defense (of which there is no indication in the record) his proper course was to have moved for a bill of particulars, but under the facts as they were developed at the trial he could have had no doubts on this subject.

It is urged as a ground for reversal that the court erroneously permitted evidence of other criminal fires to be introduced. Under the theory upon which the prosecution proceeded it was almost inevitable that references to other fires should creep into the record, but, as a matter of fact, the learned trial judge was careful to keep out, so far as possible, all reference to other incendiary fires and defendant's possible connection with them, until the defense opened a wide door for the admission of such evidence by cross-examining Stein, the actual incendiary, as to the numerous fires he had set and the particulars of many of them. (*People* v. *Buchanan,* 145 N. Y. 1.) In suggesting that defendant's alleged grievance on this score is not a substantial one we are not to be understood as intimating that it would have been improper to have introduced evidence in behalf of the prosecution to show that defendant, Stein and Goldman had been engaged in the perpetration of a series of like crimes. It would have been relevant to show defendant's guilty knowledge that this particular fire, for which he was indicted, was of incendiary origin, and since it is not charged that he personally had a hand in starting the fire it was relevant to show his fore-

knowledge of its character to establish both his guilty knowledge and Stein's criminal agency. (*People* v. *Weisenberger*, 73 App. Div. 428.)

It is also urged that the testimony of Stein, the incendiary, and of Sliten, whose goods were burnt, both of whom were admittedly accomplices, was not sufficiently corroborated. We think, on the contrary, that the corroboration was ample. There was evidence, apart from that of the accomplices, that the fire-bug, Stein, visited defendant's office and had conversations with him much more frequently than could reasonably be accounted for unless they were engaged in some common enterprise. But the most significant corroborative evidence is as to what occurred as soon as the Sliten fire broke out. Defendant was at once notified of the fire over the telephone, undoubtedly by Stein, but at all events by some one who is not identified as any other than Stein. Defendant then sent his clerk, one Singer, to the scene to procure the policy of insurance and to make an inventory. Singer did not know Sliten, the insured, and was instructed to find Stein, and that Stein would bring him to Sliten. This happened just as defendant had said that it would. Singer did look for and find Stein, and by Stein was brought to meet Sliten and to procure the policy upon which the loss was afterwards adjusted. No better corroboration is needed of Stein's story of the intimate and peculiar relation between himself and defendant. "It is not necessary that the corroborative evidence of itself should be sufficient to show the commission of the crime, or to connect the defendant with it. It is sufficient if it *tends* to connect the defendant with the commission of the crime. Nor need the corroborative evidence be wholly inconsistent with the theory of the defendant's innocence." (*People* v. *Elliott*, 106 N. Y. 288; *People* v. *Carlesi*, 154 App. Div. 481; affd., 208 N. Y. 547, on opinion below; *People* v. *Patrick*, 182 id. 131.)

We find no other exception or objection to the judgment which requires discussion.

The judgment should be affirmed.

INGRAHAM, P. J., MCLAUGHLIN, CLARKE and HOTCHKISS, JJ., concurred.

Judgment affirmed.